MICHAEL J. KLUGER ET AL. *v.* EVELINE C. KUBICK
(AC 27651)

McLachlan, Gruendel and Mihalakos, Js.

Argued April 28—officially released September 9, 2008

*John F. X. Peloso, Jr.,* for the appellants (plaintiffs).

*Jennifer J. Tunnard,* for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiffs, Michael J. Kluger and Heidi M. Greene, appeal from the judgment of the trial

court dismissing count two of their complaint for failure to make out a prima facie case in accordance with Practice Book § 15-8 and finding that the defendant, Eveline C. Kubick, has an easement by estoppel over a right-of-way owned by the plaintiffs. We affirm the judgment of the trial court.

In its memorandum of decision, the court found that in 1994, the defendant and her former husband purchased from the plaintiffs a parcel of land in Redding "together with a right-of-way to and from the public highway known as Lonetown Road." The property contained a driveway that connected to the deeded right-of-way. In 1996, the defendant and her former husband subdivided their parcel into two parcels known as parcels A and B. When the defendant and her former husband separated, he quitclaimed his ownership in the two properties to her. Upon division of the property into parcels A and B, the existing driveway began at the defendant's home in parcel B and crossed over into parcel A before reaching the right-of-way. Subsequently, after the division of the parcels, the defendant sold parcel A to a third party and retained parcel B, where her home existed. In the deed to the new owner of parcel A, the defendant reserved a license to use the driveway for a period of time while she constructed a new driveway, wholly contained on her property, to access the right-of-way. After the defendant constructed the driveway on her property, the plaintiffs initiated this lawsuit. Its three counts alleged that (1) the defendant did not have an additional easement over the right-of-way, (2) the construction and use of the driveway constituted an overburdening of the easement and (3) the construction and presence of the driveway caused damage to the plaintiffs. The defendant counterclaimed, seeking a declaration of whether she had an easement over the right-of-way.[1]

---

[1] Although the deeded right-of-way is actually fifty feet wide, the plaintiffs argue that what they call the "easement" is limited to the approximately

After the plaintiffs' case-in-chief, the defendant moved for dismissal of counts two and three in accordance with Practice Book § 15-8. The court granted this motion as to both counts and proceeded with the trial. At the end of the trial, the court rendered judgment in favor of the defendant, holding that the defendant has an easement by estoppel. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiffs' first claim is that the court improperly dismissed count two of their complaint for failure to make out a prima facie case in accordance with Practice Book § 15-8. A review of the record reveals that although the court dismissed count two for failure to make out a prima facie case, it did not state its reason for doing so, and the plaintiffs failed to request an articulation of the court's ruling. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 232, 828 A.2d 64 (2003). Because the record is inadequate for review, we cannot review this issue.

II

The plaintiffs' second claim is that there were no facts in the record to support the court's finding that the plaintiffs agreed to the construction of an additional driveway, and, as such, the court improperly found that the defendant had an easement by estoppel. The three

seven foot wide gravel road within the fifty foot right-of-way. Because this discrepancy was not addressed by the court, we will not discuss it other than to note that it exists.

essential elements of estoppel, translated into the context of easements, were discussed in *Mellon* v. *Century Cable Management Corp.*, 247 Conn. 790, 795, 725 A.2d 943 (1999): "(1) the party against whom estoppel is asserted must induce a belief in another person that certain facts exist, (2) the other party must change its position in reliance on that belief and (3) that party must suffer some injury as a result of such reliance." See also 1 Restatement (Third), Property, Servitudes § 2.10 (1) (2000).

In the present case, the court concluded that the defendant had an easement by estoppel because it found that "(1) there was a verbal agreement between the parties to construct a new driveway on the defendant's parcel, with . . . Kluger . . . agreeing to the additional easement for the defendant's parcel; (2) the parties agreed to the location of the new driveway; [and] (3) the defendant relied on this verbal agreement when she sold parcel 'A' to a third party and when she hired the paving company to relocate her driveway."[2] The plaintiffs do not argue that these findings are insufficient to support the determination that an easement by estoppel exists. Rather, the plaintiffs challenge the findings as not having support in the record. To determine whether the court's findings have support in the record, "we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . We also must determine whether those facts correctly found are, as a matter of law, sufficient to support the judgment. . . . [W]e give great deference to the findings of the trial court because of

---

[2] As the court determined, an easement by estoppel is outside the statute of frauds because an oral easement may be created when there has been part performance by one of the parties. *Walton* v. *New Hartford*, 223 Conn. 155, 164 n.10, 612 A.2d 1153 (1992).

its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses . . . ." (Citations omitted; internal quotation marks omitted.) *Briggs* v. *McWeeny*, 260 Conn. 296, 322, 796 A.2d 516 (2002).

Kluger testified that he received a letter from the defendant regarding her intent to sell parcel A and offering to sell it to him. The two entered into negotiations, which never materialized, and the defendant ultimately sold the parcel to a third party. At the same time, the defendant also discussed with Kluger her intention to relocate her driveway and asked him if he would be willing to walk the property line so that the two could find a place to construct it that would be agreeable to both of them. Kluger agreed, and the two walked the property north of the then-existing driveway to determine the best location for the driveway. Both Kluger and the defendant testified that they stopped walking at a location where there was sufficient space between two pine trees to place a driveway. Although Kluger denied it, the defendant testified that Kluger agreed that this would be a good place to construct the driveway. The defendant, relying on this agreement, hired a paving company to install the new driveway. In addition, she testified that because she previously had agreed with Kluger on the location for installing the driveway, rather than negotiating with the new owner of parcel A to share the then-existing driveway, she instead retained only a license to use the existing driveway to gain access to and from the right-of-way while she constructed her new driveway.

As the court is entitled to do, it credited the testimony of the defendant. See id. It found that the defendant and Kluger had an agreement for the defendant to relocate her driveway to a specified area on her property and that the defendant relied on this agreement when she sold parcel A to a third party and hired and paid

the paving company to construct a driveway on her property. As such, the court properly found that the plaintiffs were estopped from challenging the driveway once it was constructed.

The judgment is affirmed.

In this opinion the other judges concurred.